RAWLS, Chief Judge.
The pertinent point posed by this appeal is whether marijuana which was found on the person of appellant was discovered as a result of a lawful search and seizure.
On August 22, 1973, appellant, a 15-year old juvenile, was hitchhiking from a rock concert in Pensacola, Florida, to his home in Ft. Walton, Florida. Between 10:55 and 11:05 p. m., two policemen in the town of Gulf Breeze saw appellant beside the road and stopped to question him. The town of Gulf Breeze has an ordinance which imposes an 11:00 p. m. curfew each night for persons 16 years of age and under. Officer Brown testified that appellant was hitchhiking in a dark area of the highway and that upon stopping he asked appellant for his identification. On checking appellant’s identification Officer Brown learned that appellant was a juvenile and he then decided to check appellant further. Officer Brown thought that appellant might be a missing person, a runaway, “and this kind of thing”. On noticing appellant’s “bloodshot and glassy looking eyes”, Officer Brown asked appellant *481 if he had been drinking and appellant replied he had “had a little bit to drink”. Officer Brown then apprehended appellant to take him back to his office to see if he could “find out about him”. Officer Brown instructed appellant to empty his pockets on the hood of the police car for the purpose of checking him for weapons. Upon ostensibly completing the emptying of his pockets, appellant stated to Officer Brown that that was all of it. At that juncture Officer Brown noticed a bulge in appellant’s left pants pocket. Officer Brown felt it and pulled out a bag of marijuana. He then searched appellant thoroughly and found four more bags of marijuana. At trial appellant moved to suppress the marijuana as evidence on the basis that it was obtained as a result of an illegal search and seizure. The trial court denied the motion to suppress. We agree with the trial court. The arrest which led to the search of appellant was lawful and the search which was made by Officer Brown was incidental to this arrest. It is uncontradicted that the town of Gulf Breeze has an ordinance making it unlawful for persons 16 years of age and under to be on the streets after 11:00 p. m. In addition, it is still contrary to the laws of this state for a 15-year old boy to indulge in drinking alcoholic beverages. Appellant was apprehended after Officer Brown observed that his eyes were “bloodshot and glassy looking” and appellant had admitted to Officer Brown that he had been indulging in drinking alcoholic beverages. In our view Officer Brown, under the facts outlined, would have been derelict in the performance of his duties had he not taken appellant into custody and conducted a full custodial search.
The judgment appealed is affirmed.
JOHNSON, J., concurs.
McCORD, J., specially concurs.